# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Timothy Wesley,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Katherine Martin, Seth Blackburn, and BridgeWorth & Associates LLC,<br><br>　　　　　Defendants. | Civil Case No.: 3:24-cv-4069-SAL<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

**COMES NOW** Plaintiff Timothy Wesley ("Plaintiff"), who alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.　　Timothy Wesley ("Plaintiff") is a citizen and resident of the County of Chatham, State of Georgia.

2.　　Defendant, Katherine Martin ("Martin"), upon information and belief, is a resident of the County of Lexington, State of South Carolina.

3.　　Defendant, Seth Blackburn ("Blackburn"), upon information and belief, is a resident of the County of Lexington, State of South Carolina.

4.　　Defendant, BridgeWorth & Associates LLC ("Bridgeworth"), is a company organized in the County of Lexington and existing under South Carolina law.

5.　　This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

6.　　Venue is proper under 28 U.S.C § 1391(b)(2) because the acts and omissions giving rise to Plaintiff's claims occurred in Lexington County, South Carolina.

## FACTUAL BACKGROUND

7.　　Around August 2023, Plaintiff began investigating the potential purchase of Faith

Logistics, Inc., and Faith Logistics Brokerage, Inc. from Martin, who solely owned each entity.

8. Seth Blackburn, on behalf of Bridgeworth, contracted with Katherine Martin to act as a Broker for the sale of these entities and their business.

9. Upon information and belief, Seth Blackburn owns and/or controls Bridgeworth.

10. On October 6, 2023, Plaintiff, Martin, Seth Blackburn, Bridgeworth, Faith Logistics Brokerage, Inc., and Faith Logistics, Inc. entered into a Stock Purchase Agreement (the "Contract"), attached hereto as **Exhibit A** (Exhibit F-1 of Contract omitted).

11. The Contract contained numerous misrepresentations by Martin, including:

> 8. Corporation Debt. Parties acknowledge that the Corporations are indebted in the total amount of TWO HUNDRED SEVENTY-NINE THOUSAND EIGHT HUNDRED FORTY AND 86/100 DOLLARS ($279,840.86), as described in Exhibit "D" (known herein as the "Corporation Debt"). Purchaser hereby agrees to assume all liabilities outlined in this Section, and Parties agree to execute all loan documents necessary to effect Purchaser's assumption of Corporation Debt.

> g. No Undisclosed Contracts or Liabilities. To Seller's knowledge, the Corporations: (i) have no employees or consultants, other than those listed under Exhibit F; (ii) have no contracts or liabilities of the Corporations, other than those listed under Exhibit F.

> j. Financial Statements. The Corporations have provided to the Purchaser true and complete copies of its balance sheet, statement of operations and statement of cash flows for the years ended 2021 and 2022 and for the months in 2023 through three (3) days prior to Closing (collectively, the "Financial Statements"). The Financials Statements were prepared in accordance with the books and records of the Corporations and present fairly and accurately the financial condition of the Corporations based on bona fide transactions effected by the Corporations during the respective periods reflected in the applicable Financial Statements. Other than as set forth in the Financial Statements, the Corporations do not have any liabilities of any nature.

> **Corporation Debt:**
> 1) That certain Term Loan held by On Deck with an outstanding amount of One-Hundred Twenty Thousand Four Hundred Thirty Four and 72/100 Dollars ($120,434.72).
> 2) That certain Line of Credit held by On Deck with an outstanding amount of Thirty-Two Thousand Eighty and 89/100 Dollars ($32,080.89).
> 3) That certain National Funding Account with an outstanding balance of Fifty Six Thousand and 00/100 Dollars ($56,000.00).
> 4) That certain Chase Credit Card Account with an outstanding amount of Forty-Nine Thousand and 00/100 Dollars ($49,000).
> 5) Amounts payable to WW Williams with an outstanding amount of Eleven Thousand Five Hundred Ninety One and 01/100 Dollars ($11,591.01).
> 6) Amounts payable to DuRite Trailer Repair with an outstanding amount of Six Thousand Seven Hundred Eighty Two and 00/100 Dollars ($6,782.00).
> 7) Amounts Payable to Batesburg Leesville Business License with an outstanding amount of Three Thousand Nine Hundred Fifty Two and 24/100 Dollars ($3,952.24).

12. Relying on these and other misrepresentations, Plaintiff issued a check to Martin individually totaling one hundred thousand dollars ($100,000.00) to be paid towards the purchase price and also executed a promissory note in favor of Martin as part of the purchase.

13. Relying on these and other misrepresentations, Plaintiff caused twenty-four thousand dollars ($24,000.00) to be paid to Faith Logistics, Inc. at the direction of Martin.

14. Relying on these and other misrepresentations, Plaintiff paid Blackburn and Bridgeworth and Associates fifty thousand dollars ($50,000.00) and gave a promissory note to Blackburn and Bridgeworth and Associates for another twenty-seven thousand dollars ($27,000.00).

15. After contract execution, Plaintiff became aware of substantial undisclosed and/or misrepresented debts incurred by Faith Logistics Brokerage, Inc., and Faith Logistics, Inc.

16. Martin admitted to this undisclosed debt and stated in an email that Blackburn was informed about the undisclosed debt through both email and text message (see attached **Exhibit B**) prior to signing the Contract. She further indicated that Blackburn either negligently or intentionally withheld this information until after the parties had signed the contract.

17. In bankruptcy schedules[1] signed by Martin on behalf of Faith Logistics, Inc. dated June 12, 2024, a mere eight (8) months after the Contract date, Martin now swears under penalty of perjury that Faith Logistics, Inc. had *three times* the total liabilities represented to Plaintiff in the Contract:

---

[1] Faith Logistics, Inc. filed for Chapter 7 Bankruptcy on 05/30/2024, and the matter is currently pending in the United States Bankruptcy Court for the District of South Carolina. *See In Re Faith Logistics, Inc.*, 24-01933-eg, (Bankr. D.S.C. 2024) (*See* ECF No. 6).

**Part 2:  Summary of Liabilities**

| | | |
|---|---|---|
| 2. | Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D) Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*............... | $ 83,117.30 |
| 3. | Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F) | |
| | 3a. Total claim amounts of priority unsecured claims: Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................. | $ 6,642.21 |
| | 3b. Total amount of claims of nonpriority amount of unsecured claims: Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............ | +$ 761,984.17 |
| 4. | **Total liabilities** .................................................................................................................... Lines 2 + 3a + 3b | $ 851,743.68 |

18. Blackburn and Martin each possessed material information relevant to Plaintiff's purchase and yet failed to disclose and/or affirmatively misrepresented the amount of debt encumbering Faith Logistics, Inc. as well as its overall financial condition.

19. Martin misrepresented the financial condition of Faith Logistics, Inc. to obtain funds from Plaintiff.

20. Upon information and belief, Blackburn affirmatively misrepresented or failed to disclose material financial information to Plaintiff to obtain the commission payments from Plaintiff.

21. The false financial information and undisclosed financial information was material to Plaintiff's purchase decision, and Plaintiff would not have agreed to purchase or advanced funds to purchase Faith Logistics, Inc. had Plaintiff known the true financial condition of Faith Logistics, Inc.

22. The false financial information and undisclosed financial information was material to Plaintiff's purchase decision, and Plaintiff would not have paid the brokerage payments to purchase Blackburn and Bridgeworth had Plaintiff known the true financial condition of Faith Logistics, Inc.

23. While Plaintiff demanded the return of the monies paid to Ms. Martin, she has

wrongfully refused to return the funds or otherwise make Plaintiff whole.

24. Blackburn and Bridgeworth have refused to communicate or repay the falsely obtained payments.

**FOR A FIRST CAUSE OF ACTION**
(*Fraud/Constructive Fraud as to All Defendants*)

25. Each and every allegation set forth above is incorporated herein as if repeated verbatim.

26. Defendants made certain material representations to Plaintiff, specifically regarding the financial condition and debt status of Faith Logistics, Inc. and Faith Logistics Brokerage, Inc., each of which representations were false.

27. Martin intentionally made knowingly false misrepresentations in the Contract, failing to disclose the truth to Plaintiff and breaching her duty to do so.

28. Blackburn and Bridgeworth intentionally made knowingly false statements to Plaintiff orally and via text message between August 1, 2023, and October 6, 2023, about the financial condition of Faith Logistics, Inc.

29. Blackburn and Bridgeworth signed the Contract and knew that the Contract contained materially false statements, representations and warranties by Martin and yet Blackburn and Bridgeworth did not correct the false information conveyed to Plaintiff despite a duty to do so.

30. Defendants knew each false representation was false when made.

31. Defendants intended that Plaintiff rely on each false representation to obtain money from Plaintiff, specifically to induce Plaintiff to enter into the Contract and advance payments to each of them.

32. Plaintiff did not know Defendants' representations set forth above were false when

Defendants made them.

33. Plaintiff was entitled to rely on Defendants' representations.

34. Plaintiff did in fact rely on Defendants' representations to his detriment.

35. Because of Defendants' misrepresentations, Plaintiff advanced funds totaling $100,000 to Martin, $24,000.00 to Faith Logistics, and $50,000.00 to Blackburn and Bridgeworth and gave promissory notes to Martin and Blackburn.

36. Plaintiff was damaged to his detriment by losing the funds and facing financial harm due to undisclosed debts.

37. Plaintiff is entitled to rescind and have declared void *ab initio* the Contract and all other documents or agreements signed by Plaintiff obtained as a result of these fraudulent statements and misrepresentations.

38. Plaintiff is entitled to an award, jointly and severally, for all damages allowed by law suffered by him and other relief as set forth in the prayer below.

## FOR A SECOND CAUSE OF ACTION
*(Negligent Misrepresentation as to All Defendants)*

39. Each and every allegation set forth above is incorporated herein as if repeated verbatim.

40. Defendants made the representations set forth above to Plaintiff about the financial condition and debt status of Faith Logistics, Inc. and Faith Logistics Brokerage, Inc.

41. Such representations were false at the time of their making.

42. Defendants had a pecuniary interest in making such misrepresentations, as they stood to gain financially from the Plaintiff's purchase of the entities.

43. Defendants owed a duty to convey truthful information about the financial condition and debt status of Faith Logistics, Inc. and Faith Logistics Brokerage, Inc.

6

44. Defendants knowingly made false statements about the financial condition and debt status of the entities to Plaintiff, breaching their duty to convey truthful information and failing to exercise due care.

45. Plaintiff justifiably relied on these false statements and advanced $100,000.00 and $50,000.00 respectively to Defendants and $24,000.00 to Faith Logistics, Inc. in addition to providing promissory notes to each Defendant, which money Defendants retained without fulfilling the terms of the Contract.

46. Plaintiff was directly and proximately damaged by the lost funds given to Defendants and suffered additional financial harm due to the undisclosed debts.

47. Plaintiff is entitled to an award, jointly and severally, for all damages allowed by law suffered by him and other relief as set forth in the prayer below.

**FOR A THIRD CAUSE OF ACTION**
(*Unjust Enrichment/Restitution as to all Defendants*)

48. Each and every allegation set forth above is incorporated herein as if repeated verbatim.

49. Plaintiff conferred payment on Martin of $100,000.00 and $24,000.00 to Faith Logistics, Inc. based on the statements by Martin about the financial condition of Faith Logistics, Inc.

50. Martin received the benefit of the money from Plaintiff and put it to her own use.

51. It would be unjust and inequitable for Martin to retain these funds given her false representations concerning the financial condition of Faith Logistics, Inc.

52. Plaintiff conferred payment on Blackburn and Bridgeworth of $50,000.00 based on the statements by Blackburn about the financial condition of Faith Logistics, Inc.

53. Blackburn and Bridgeworth received the benefit of the money from Plaintiff and

put it to their own use.

54.	It would be unjust and inequitable for Blackburn and Bridgeworth to retain these funds give their false representations concerning the financial condition of Faith Logistics, Inc.

**FOR A FOURTH CAUSE OF ACTION**
(*Civil Conspiracy as to All Defendants*)

55.	Each and every allegation set forth above is incorporated herein as if repeated verbatim.

56.	Martin, Blackburn, and Bridgeworth entered into an agreement between themselves, explicitly or implicitly, to sell Faith Logistics, Inc. based on false financial statements.

57.	The purpose of the agreement was to do an unlawful act, specifically to fraudulently and deceptively induce Plaintiff into entering the Contract and advancing payment by withholding critical information about the debts and financial condition of Faith Logistics, Inc.

58.	Alternatively, Defendants conspired to do a lawful act in an unlawful way by entering into the Contract with Plaintiff while intentionally withholding material information about the debts and financial condition of Faith Logistics, Inc.

59.	As a direct result of this conspiracy, Plaintiff suffered injury, including but not limited to the loss of the $100,000.00 payment to Martin, the $24,000.00 payment to Faith Logisitcs, Inc., and the $50,000.00 payment to Blackburn and Bridgeworth, from the undisclosed debts and false financial information of Faith Logistics, Inc.

60.	The injury inflicted upon Plaintiff was pursuant to the common scheme agreed upon by Martin, Blackburn, and Bridgeworth, who conspired to deceive Plaintiff for their financial gain.

61.	Plaintiff is entitled to damages and other relief as set forth in the prayer below.

## FOR A FIFTH CAUSE OF ACTION
### (*S.C.U.T.P.A. Violation as to All Defendants*)

62. Each and every allegation set forth above is incorporated herein as if repeated verbatim.

63. This cause of action is brought pursuant to the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, et. seq. (1976).

64. As has been set forth above, Defendants willfully and fraudulently induced Plaintiff into entering into the Contract.

65. Defendants made the other false representations set forth above, specifically regarding the financial condition and debt status of Faith Logistics, Inc. and Faith Logistics Brokerage, Inc.

66. The above-referenced fraudulent and deceptive acts and practices are a knowing violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, et. seq. (1976).

67. Defendants' fraudulent and deceptive acts are immoral, unethical, and offensive to public policy and the public interest.

68. Defendants' false representations are capable of repetition because Defendants are believed to be actively holding themselves out as legitimate business operators and engaging in similar transactions, in the case of Blackburn and Bridgeworth, holding themselves out as business brokers.

69. As a direct and proximate result of Defendants' unfair and deceptive acts, Plaintiff has suffered damages in an amount to be proven at trial.

70. Plaintiff is entitled to damages, including treble damages and litigation expenses, and other relief as set forth in the prayer below.

**WHEREFORE**, having complained of the Defendants herein, Plaintiff respectfully requests the following relief from this Honorable Court:

a) Award of all actual, special, consequential, incidental and punitive damages against Defendants, the amounts to be determined at trial;

b) Award of pre- and post-judgment interest;

c) Treble damages to the extent allowed by statute;

d) Award of all attorneys' fees, litigation expenses, and costs associated with this action, to the extent allowable; and

e) All other necessary and justified relief deemed just and proper by this Honorable Court.

Respectfully submitted,

**CALLISON TIGHE & ROBINSON, LLC**

 s/ Harry A. Dixon
Harry A. Dixon, Federal ID No. 12870
1812 Lincoln Street, Suite #200
P. O. Box 1390
Columbia, SC  29202-1390
Telephone: 803-404-6900
Facsimile: 803-404-6902
Email: harrydixon@callisontighe.com

**ATTORNEY FOR PLAINTIFF**

July 22, 2024
Columbia, South Carolina